# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                                                    **Case No. 10-CR-288**

**JAMES A. STUART, JR.,**

**Defendant.**

---

## ORDER DENYING DEFENDANT'S PRETRIAL MOTIONS

---

### I. PROCEDURAL HISTORY

The grand jury in this district returned an indictment on December 21, 2010 charging James A. Stuart, Jr. ("Stuart") with three counts of violating Title 26, United States Code, Section 7201. (Docket No. 1.) At his arraignment, Stuart stated he intended to represent himself, (Docket No. 3), and this court entered a pretrial order setting February 3, 2011 as the deadline for filing pretrial motions, (Docket No. 4). This court also scheduled a hearing on the defendant's decision to waive his right to counsel, (Docket No. 8), but on January 28, 2011, counsel filed a notice of appearance on Stuart's behalf, (Docket No. 9), and the hearing was cancelled, (Docket No. 10). No pretrial motions were filed by the court's February 3, 2011 deadline, and this matter was transferred to the Honorable Rudolph T. Randa for all further proceedings.

Eight days after the deadline for filing pretrial motions had passed, counsel for the defendant filed a request to reschedule the jury trial for July of 2011 "and moving the pretrial motions' deadline forward proportionally." (Docket No. 15.) In this request, counsel stated his reasons for an

extension of time, but failed to offer an appropriate explanation as to why such request was not submitted prior to the court's deadline.

On February 14, 2011, Judge Randa entered an order simply granting Stuart's request without setting any further dates or offering any further discussion of his motion. The case was then again referred to this court for pretrial processing.

On February 15, 2011, this court entered a new scheduling order giving defense counsel an additional month within which to file any pretrial motions. Parenthetically, this is roughly twice as long as defendants are normally allotted. On March 15, 2011, defense counsel again filed a request for extension of time to file pretrial motions requesting an additional six weeks to file pretrial motions, so that the motions deadline would be proportionate to the trial continuation. (Docket No. 24.) The following day, this court entered an order denying defense counsel's request, noting that defense counsel had the discovery for six weeks, had been previously granted a generous extension of time, and had failed to demonstrate good cause for the requested extension. The court ordered all pretrial motions to be filed no later than March 18, 2011.

On March 18, 2011, defense counsel filed three motions: a motion for release of <u>Brady</u> materials, (Docket No. 25); a motion to compel disclosure of Rule 404(b) evidence, (Docket No. 26); and a second, separate, motion for release of <u>Brady</u> materials, (Docket No. 27). The government has responded, (Docket No. 28), and the defendant has replied, (Docket No. 30). The pleadings in this matter are closed and the matter is ready for resolution. A jury trial is scheduled to commence before Judge Randa for August 1, 2011.

## II. MOTION FOR RELEASE OF <u>BRADY</u> MATERIALS

Due process requires that the government, upon request, disclose evidence favorable to the accused. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). This duty includes an obligation that the government disclose information that it knows affects the credibility of its witnesses. <u>Giglio v.</u>

United States, 405 U.S. 150 (1972). But Brady and its progeny establishes a disclosure rule, not a

discovery rule. Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Higgins, 75 F.3d

332, 334 (7th Cir. 1996). "Disclosure even in mid-trial suffices if time remains for the defendant to

make effective use of the exculpatory material." Higgins, 75 F.3d at 335 (citing United States v.

Allain, 671 F.2d 248, 255 (7th Cir. 1982)).

In his first motion for the release of Brady materials, the defendant seeks the court to order

disclosure of a wide variety of information including, for example,

> All materials seized from Stuart's place of business, New Age Chemical, on
> February 19, 2009 including, but not limited to, all computer hard drives, jump
> drives and CDs . . . IRS Forms, including case management forms and authorization
> forms, and the Special Agent's Report related to Stuart; . . . the grand jury public
> file; . . . any and all records showing any impairment of any witness, including any
> memory concerns, alcohol use, drug use, prescription use, or any other physical or
> medical concern that could affect the perceptions, hearing or memory of a witness . .
> . [and] the identity of any confidential informant, informant, source of information,
> tipster or cooperating witness and all documents related thereto including any special
> agent rough notes, reliability assessments and Form 211s.

(Docket No. 25.) The defendant's second motion, (Docket No. 27), expands upon certain of the

requests included in his first motion, specifically information regarding witnesses and informants.

When the government is following its open file policy, as it is in this case, (see Docket No. 3

at 1), and the defendant has accepted discovery pursuant to that policy, as he did in this case, (see

Docket No. 15-1), requests for disclosure of exculpatory information are entirely unnecessary. The

obligation to disclose of all exculpatory material is automatic. See Crim. L.R. 16(a)(2).

To the extent that the defendant seeks additional information beyond that covered by Brady

and the progeny thereof, the motions constitute motions for discovery under Fed. R. Crim. P. 16(a)

or 16(b) and thus are subject to the provisions of Crim. L.R. 16(a)(1).  The defendant's failure to

comply with Crim. L.R. 16(b) is fatal to his motion. The Local Rules, which govern practice in this

district, explicitly bar this court from considering a motion for discovery that does not comply with

Crim. L.R. 16(b). Crim. L.R. 16(a)(1). Therefore, the defendant's motions for disclosure of <u>Brady</u> material, (Docket Nos. 25, 26), shall be denied.

## III. MOTION FOR DISCLOSURE OF 404(b) EVIDENCE

The defendant relies upon Fed. R. Evid. 404(b) as the basis to ask the court to order the government to immediately disclose:

a. The dates, times, places and persons involved in said crimes, wrongs, or acts;

b. A detailed description of said crimes, wrongs or acts;

c. The statements of each participant in said other crimes, wrongs, or acts;

d. The documents which contain evidence of said other crimes, wrongs or acts, including a statement describing when the documents were prepared, by whom the documents were prepared, and who has had possession of the documents since the alleged commission of the crimes, wrongs or acts; and,

e. A statement of the issue or issues to which the government believes such other crimes, wrongs, or acts evidence may be relevant under 404(b).

This request, it must be noted, includes evidence that the government intends to use in any fashion whatsoever, including, but not limited to, use in its case-in-chief, cross examination, or rebuttal.

(Docket No. 26 at 2.)

The government states that it will provide notice pursuant to 404(b) not less than 30 days before trial but that it will provide only the "'general nature' of such evidence, not the excessive detail [Stuart] seeks." (Docket No. 28 at 8.)

As this court has repeatedly said in the past, "motions" for disclosure under Rule 404(b) are improper. <u>See, e.g.</u>, <u>United States v. Mathis</u>, 2010 U.S. Dist. LEXIS 43933 (E.D. Wis. Apr. 14, 2010); <u>United States v. Kaffo</u>, 2009 U.S. Dist. LEXIS 123046 (E.D. Wis. Dec. 22, 2009); <u>United States v. Fisher</u>, 2009 U.S. Dist. LEXIS 1809 (E.D. Wis. Jan. 12, 2009); <u>United States v. Holmes</u>, 2007 U.S. Dist. LEXIS 74151 (E.D. Wis. Oct. 3, 2007); <u>United States v. Ferguson</u>, 2007 U.S. Dist. LEXIS 74152 (E.D. Wis. Oct. 3, 2007); <u>United States v. Urbina</u>, 2007 U.S. Dist. LEXIS 55589

(E.D. Wis. July 31, 2007). Rule 404(b) obligates the government, upon request of the defendant, to provide the defendant with "reasonable notice" of its intent to use such evidence and "the general nature of any such evidence." The rule requires merely a request, not a motion. Thus, the motion shall serve as the defendant's request for notice.

As for Stuart's request that the government be ordered to disclose the specific nature of the "other acts" evidence it will introduce, this clearly exceeds the scope of Rule 404(b). See Comments to the 1991 Amendments ("The Committee considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument. . . . Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts.") Finally, the court finds that the government's offer to disclose any evidence of extrinsic acts not less than 30 days before trial to be more than sufficient. Accordingly, the defendant's motion shall be denied.

**IT IS THEREFORE ORDERED** that Stuart's motion for release of <u>Brady</u> materials, (Docket No. 25), is **denied**.

**IT IS FURTHER ORDERED** that Stuart's motion to compel disclosure of 404(b) material, (Docket No. 26), is **denied**.

**IT IS FURTHER ORDERED** that Stuart's for release of <u>Brady</u> materials, (Docket No. 27), is **denied**.

Dated at Milwaukee, Wisconsin this <u>6th</u> day of April 2011.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge