**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                         **Case No. 10-CR-288**

**JAMES A. STUART, JR.**
        **Defendant.**

---

### ORDER

    A jury found defendant guilty of tax evasion, and Judge Clevert sentenced him to 33 months in prison followed by three years of supervised release. The Seventh Circuit affirmed his conviction. United States v. Stuart, 773 F.3d 849 (7th Cir. 2014). Defendant has completed the prison term and is now on supervised release.

    On July 20, 21, and 22, 2015, defendant filed a number of documents in this case – a "Libel of Review Notice" (R. 115), a "Letter of Rogatory" (R. 114), a Petition to Seal (R. 112), and a request to "Show Cause" (R. 113).[1] On August 5, 2015, he filed a document called Notice of Address of the Defendant, Notice to prosecution that a jurisdictional challenge has been made, and a Notice to clerk: Hearing for Oral Argument Requested. (R. 117.) The case has been reassigned to me.

    The Libel of Review Notice contains sovereign citizen arguments challenging the court's jurisdiction. These arguments are frivolous. See, e.g., United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011); United States v. Phillips, 326 Fed. Appx. 400, 400 (7th Cir. 2009); United

---

[1] On July 15, 2015, defendant filed similar documents, which were assigned a miscellaneous case number. Judge Pepper dismissed that case on July 28, 2015. Stuart v. United States, No. 15-MC-41, 2015 U.S. Dist. LEXIS 98240 (E.D. Wis. July 28, 2015).

States v. Banks-Giombetti, 245 F.3d 949, 953 (7th Cir. 2001); United States v. Raymond, 78 F. Supp. 2d 856, 879-80 (E.D. Wis. 1999). The Letter of Rogatory purports to appoint another district judge trustee over this matter. This too is frivolous. See, e.g., United States v. McNair, No. 02-CR-12, 2007 U.S. Dist. LEXIS 64433, at *6 n.5 (N.D. Ind. Aug. 29, 2007). Defendant does not in these filings identify a basis for the district court to review his conviction. See United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003) (noting district court's limited authority to revisit a case). Because the arguments he presents are frivolous, I decline to provide warnings and convert the filings to a motion under 28 U.S.C. § 2255. See Castro v. United States, 540 U.S. 375 (2003). They will instead be dismissed.

In the Petition to Seal, defendant asks the court to treat his filings as private and sealed. Judicial proceedings are presumptively open, see, e.g., Grove Fresh Distribs., Inc. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir. 1994), and defendant provides no good cause for sealing his submissions, see Gen. L.R. 79(d) (E.D. Wis.). In the request to Show Cause, defendant appears to seek an ex parte evidentiary hearing, but he provides no lawful basis for such a proceeding. Finally, in the August 5 Notice, defendant requests that the clerk of court schedule a hearing.[2] He again provides no basis for holding a hearing. Accordingly, these requests will be denied.

**THEREFORE, IT IS ORDERED** that defendant's "Libel of Review Notice" (R. 115) and "Letter of Rogatory" (R. 114) are **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant's Petition to Seal (R. 112), request to "Show Cause" (R. 113), and "Notice to clerk: Hearing for Oral Argument Requested" (R. 117) are

---

[2]This filing contains various statements regarding the duties of the clerk but requests no further action by the court.

2

**DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of August, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge