# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

    **v.**                                                              **Case No. 10-CR-288**

**JAMES A. STUART, JR.**
    **Defendant.**

## ORDER

A jury found defendant guilty of tax evasion. Judge Clevert sentenced him to 33 months in prison followed by three years of supervised release. The Seventh Circuit affirmed. United States v. Stuart, 773 F.3d 849 (7th Cir. 2014). Defendant has completed the prison term and is now on supervised release. The case has been reassigned to me.

In July 2015, defendant filed several documents challenging the court's jurisdiction. On August 10, 2015, I dismissed those filings as frivolous. (R. 118 at 1-2, citing United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011); United States v. Phillips, 326 Fed. Appx. 400, 400 (7th Cir. 2009); United States v. Banks-Giombetti, 245 F.3d 949, 953 (7th Cir. 2001); United States v. Raymond, 78 F. Supp. 2d 856, 879-80 (E.D. Wis. 1999).)

On August 20, 2015, defendant filed a "Motion to Vacate Void Judgment" (R. 119), an "Affidavit of Non-Corporate Status in Support of Motion to vacate Void Judgment" (R. 120), and a "Judicial Notice of default three days to cure" (R. 121). On August 26, 2015, he filed a "Judicial Notice to Expatriate From the Federal Corporate U.S. By Definition Under Title 28 U.S.C. 3002 Section 15(A), With oath of renunciation." (R. 122.)

In the Motion to Vacate, defendant objects to my August 10 order and again challenges

the court's jurisdiction over him and his criminal case. His challenges to jurisdiction and the tax laws are frivolous, see, e.g., United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993); Raymond, 78 F. Supp. 2d at 879-80, as are his claims of immunity, see, e.g., Benabe, 654 F.3d at 767. Like his previous filings, the instant motion and supporting documents provide no basis for this court to vacate defendant's criminal conviction. He cites Fed. R. Civ. P. 60, but that Rule does not provide for relief from judgment in a criminal case. E.g., United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Again as with his previous filings, because defendant provides no non-frivolous basis for challenging his conviction, I decline to provide the warnings required by Castro v. United States, 540 U.S. 375 (2003) and convert the motion to one under 28 U.S.C. § 2255.[1]

Defendant is advised that further filings of this sort will be summarily dismissed.[2]

---

[1] In his "Judicial Notice of default," defendant contends that he was convicted due to negligence of counsel. (R. 121 at 4.) However, he does not in his papers raise an ineffective assistance of counsel claim. In his "Judicial Notice to Expatriate," defendant states: "I expatriate myself from this volunteer system of government and forever remain private." (R. 122 at 2.) He later states, "When one becomes a private national, the statutes do not apply to him anymore." (R. 122 at 8.) These contentions are also frivolous and require no further discussion. See, e.g., United States v. Alexio, Nos. 13-1017, 13-1018, 2015 WL 4069160, at *2-4 (D. Haw. July 2, 2015) (collecting cases).

[2] Defendant contends that the prosecutor, not the court, must establish jurisdiction. The government met its burdens at defendant's trial, and defendant's current arguments do not require response from the government. See United States v. Morrison, No. 07-13, 2013 WL 3974523, at *1-2 (S.D. Ala. Aug. 1, 2013) (collecting cases summarily rejecting "notices of default" and similar documents). Defendant also objects that I called him a "Sovereign Citizen," suggesting bias. The August 10, 2015 order indicated that defendant's filings contained "sovereign citizen arguments"; courts use this phrase to describe claims that the defendant is outside the jurisdiction of the district courts. See, e.g., United States v. Bell, No. 13 CR 949, 2015 WL 2089000, at *1 (N.D. Ill. May 1, 2015) (citing United States v. Jonassen, 759 F.3d 653, 657 n.2 (7th Cir. 2014) ("sovereign citizen" arguments can take many forms and use many titles, but at their core, "assert that the federal government is illegitimate and insist that they are not subject to its jurisdiction. The defense has 'no conceivable validity in American law.'") (quoting United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990)); United States v.

2

**THEREFORE, IT IS ORDERED** that defendant's Motion to Vacate Void Judgment (R. 119) is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 27th day of August, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

Bey, 569 Fed. Appx. 456, 459 (7th Cir. 2014) (assertions that a defendant is immune from prosecution in federal court are nothing more than "sovereign citizen" defenses)).

3