**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA**
    **Plaintiff,**

    v.                                 **Case No. 10-CR-288**

**JAMES A. STUART, JR.**
    **Defendant.**

### ORDER

A jury found defendant guilty of tax evasion, Judge Clevert sentenced him to 33 months in prison followed by three years of supervised release, and the Seventh Circuit affirmed. United States v. Stuart, 773 F.3d 849 (7th Cir. 2014). The case was subsequently reassigned to me. In July and August 2015, defendant filed various documents challenging the court's jurisdiction, generally on sovereign citizen-type grounds, which I dismissed as frivolous. (R. 118, 123.) I advised defendant that further filings of this sort would be summarily dismissed.

On September 16, 2015, defendant filed an "Affidavit of Prejudice and the Disqualification of Lynn Adelman and Pamela Pepper," in which he indicated that Judge Pepper and I are biased against him and therefore disqualified.[1] (R. 124.) On October 1, 2015, he filed a "Judicial Notice," in which he argued that the government failed to rebut his filings or prove jurisdiction; that tax cases proceed in rem and under admiralty rules, and the record here contains no evidence of an international maritime contract; and that Title 26 of the U.S. Code does not apply to him. As relief, he asked that this case be dismissed with prejudice

---

[1] Judge Pepper dismissed a miscellaneous case defendant filed raising similar arguments. Stuart v. United States, No. 15-MC-41, 2015 U.S. Dist. LEXIS 98240 (E.D. Wis. July 28, 2015).

for fraud and failure to show a relationship between him and a bona-fide complaining party via an international maritime contract. (R. 125.) On November 6, 2015, he filed a "Counterclaim: Under Saving to Suitors' Clause," in which he sought monetary damages for unlawful actions taken against him in this case. (R. 126.) He also sought issuance of a subpoena to the Assistant United States Attorney who prosecuted the case seeking production of a bona-fide international contract, the United States corporate charter, certification of the constitutionality of 26 U.S.C. § 7201, notice of this action to the Department of State, proof and evidence supporting jurisdiction, and the "Indemnity Bond" for Case No. 10-CR-288. (Tr. 126-3.) On the same date, he filed an affidavit in support of the counterclaim (R. 127), a "Bill Quia Timet in Supporting Counterclaim" (R. 128), and a "Notice of Motion and Motion for Intervention" (R. 129), which elaborated on these claims and also questioned the constitutionality of 26 U.S.C. § 7201. Finally, on November 12, 2015, he filed a copy of a letter he wrote the AUSA regarding the subpoena discussed above. He attached to the letter copies of subpoenas addressed to the United States Attorney and the Attorney General. (R. 130.)

Defendant's claims regarding jurisdiction, the constitutionality of the tax laws, the applicability of admiralty law, and the need for a contract are frivolous. See, e.g., United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011); Russell v. United States, 339 Fed. Appx. 637, 638-39 (7th Cir. 2009); United States v. Phillips, 326 Fed. Appx. 400, 400 (7th Cir. 2009); United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986); United States v. Perkins, No. 10-CR-97, 2013 U.S. Dist. LEXIS 102951, at *3-6 (N.D. Ga. July 23, 2013), aff'd, 787 F.3d 1329 (11th Cir. 2015); United States v. Harding, No. 13-CR-8, 2013 U.S. Dist. LEXIS 62471, at *3-14 (W.D. Va. May 1, 2013); United States v. Saladino, No. 07-CR-535, 2010 U.S. Dist. LEXIS 68203, at *6-7 (D. Ore. July 7, 2010); see also El v. AmeriCredit Fin. Servs., 710 F.3d 748, 750-51 (7th

2

Cir. 2013). As indicated in previous orders, because the claims defendant presents are frivolous, I decline to provide warnings and convert the filings to a motion under 28 U.S.C. § 2255. See Castro v. United States, 540 U.S. 375 (2003).[2] Finally, there is no basis for recusal or disqualification, as defendant identifies only the court's rulings as a basis. See Thomas v. Reese, 787 F.3d 845, 849 (7th Cir. 2015) ("Adverse rulings do not constitute evidence of judicial bias.") (citing Liteky v. United States, 510 U.S. 540, 555 (1994)).

I again advise defendant that filings of this sort will be summarily dismissed. The court will take no action on his counterclaim or the subpoenas. See United States v. Thomas, 577 F. Supp. 2d 469, 478 (D. Me. 2008) (explaining that the rules do not allow defendants to file civil counterclaims in criminal cases).

**IT IS ORDERED** that defendant's motion (R. 129) is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2015.

                                       /s Lynn Adelman
                                       LYNN ADELMAN
                                       District Judge

---

[2] At one point in his Motion for Intervention, defendant alleges that he received ineffective assistance of counsel, but that claim is based on his lawyer's failure to prepare under the rules of admiralty, raise the issue of no contract in evidence before the court, or raise the alleged jurisdictional defects. (R. 129 at 18.) These claims are frivolous.

3